UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GENO T. JACKSON,

                Petitioner,

vs.                                                    CASE NO. 8:10-cv-2000-T-27TBM
                                                       CRIM. CASE NO. 8:06-cr-7-T-27TBM

UNITED STATES OF AMERICA,

                Respondent.
_____/

## ORDER

**BEFORE THE COURT** is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence

pursuant to 28 U.S.C. § 2255 (CV Dkt. 1), the Government's Response (CV Dkt. 4), and Petitioner's

Reply (CV Dkt. 7).  Upon consideration, Petitioner's motion to vacate is DENIED.

### Procedural Background

Petitioner was charged by an indictment with being a felon in possession of both a firearm

and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  (CR Dkt. 3).  On August 21,

2007, a jury convicted Petitioner and he was sentenced on November 19, 2007, as an armed career

criminal to three hundred (300) months imprisonment to be followed by five years of supervised

release.[1]  (CR Dkt. 51).  Petitioner appealed.  On November 28, 2008, the United States Court of

Appeals for the Eleventh Circuit affirmed Petitioner's conviction.  (CR Dkt. 66).

_____

[1]  Petitioner's federal sentence runs consecutive to the sentences for his state convictions in Case Nos.
2003CF11032 and 2005CF10760.  (CR Dkt. 51).

Petitioner signed his Section 2255 motion on August 31, 2010.  (CR Dkt. 78; CV Dkt. 1).
The Respondent does not challenge the timeliness of the motion.

Petitioner presents one ground for relief:

**Ground One:**  Actual innocence of the armed career criminal enhancement in light of
*Begay v. United States*, 553 U.S. 137 (2008), *United States v. Archer*, 531
F.3d 1347, 1352 (11th Cir. 2008), and *Johnson v. United States*, ___ U.S.
___, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010)

## Discussion

## I.   Timeliness

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996,
establishes a one-year limitation period for Section 2255 motions.  *See Goodman v. United States*,
151 F.3d 1335, 1336 (11th Cir. 1998).   Specifically, Section 2255 provides that the one-year
limitation shall run from the latest of:

(1)    the date on which the judgment of conviction becomes final;

(2)    the date on which the impediment to making a motion created by governmental
action in violation of the Constitution or laws of the United States is removed, if the
movant was prevented from making a motion by such governmental action;

(3)    the date on which the right asserted was initially recognized by the Supreme Court,
if that right has been newly recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or

(4)    the date on which the facts supporting the claim or claims presented could have been
discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  *See also Pruitt v. United States*, 274 F.3d 1315, 1317 (11th Cir. 2001).  "[F]or
federal criminal defendants who do not file a petition for certiorari with [the United States Supreme
Court] on direct review, § 2255's one-year limitation period starts to run when the time for seeking
such review expires." *Clay v. United States*, 537 U.S. 522, 532 (2003).  *See also Kaufmann v.*

*United States*, 282 F.3d 1336, 1339 (11th Cir. 2002) (a judgment becomes "final" when the time for filing a petition for writ of certiorari expires).

The Eleventh Circuit affirmed Petitioner's conviction on November 28, 2008. Petitioner did not file a petition for writ of certiorari in the United States Supreme Court. Thus, his conviction became final on February 27, 2009, when the ninety-day period for seeking certiorari review expired.[2] *Clay v. United States*, 537 U.S. at 532; *Kaufmann v. United States*, 282 F.3d at 1339. Petitioner had one year from that date, until February 27, 2010, to timely file a Section 2255 motion. Petitioner did not file his Section 2255 motion until August 31, 2010,[3] more than six months after the expiration of Section 2255's one-year limitation. Consequently, Petitioner's motion is time-barred.

Notwithstanding, Petitioner appears to argue that his motion is timely because he filed it within one year of the decision in *Johnson v. United States*, ___ U.S. ___, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010). In *Johnson*, the United States Supreme Court held that, under Florida law, a felony simple battery conviction is not a "violent felony" under the Armed Career Criminal Act ("ACCA"). Petitioner contends that, pursuant to *Johnson*, his prior conviction for battery on a law enforcement officer would not now qualify as a predicate offense for application of the armed career criminal enhancement.

---

[2] "The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)." Sup. Ct. R. 13.3.

[3] For timeliness purposes, the court considers Petitioner's motion filed on August 31, 2010, the day that Petitioner signed his motion. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (ruling that a *pro se* prisoner's Section 2255 motion is deemed filed on the date it is delivered to prison authorities for mailing which, absent contrary evidence, is presumed to be the date the prisoner signed the motion).

Petitioner, in arguing for the retroactive application of *Johnson*, recognizes the potential untimeliness of his motion to vacate. The Government in its response inexplicably ignores Petitioner's timeliness argument and presents no analysis whatsoever of either the motion's timeliness or the retroactivity (or lack thereof) of *Johnson*. This court considers the timeliness of Petitioner's motion even though the Government did not plead the statute of limitation as an affirmative defense. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) (holding that a district court is permitted to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition, but noting that "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions").[4] *See also Jackson v. Sec'y, Dep't of Corr.*, 292 F.3d 1347, 1349 (11th Cir. 2002) (holding that the district court possessed the discretion to raise *sua sponte* the timeliness of a state prisoner's petition for writ of habeas corpus).[5]

First, for Petitioner to avail himself of the date of the *Johnson* decision to establish the timeless of his motion under Section 2255(f)(3), he must demonstrate that *Johnson* applies retroactively. *Johnson* includes no statement from the Supreme Court that the decision applies retroactively to cases on collateral review. No binding Eleventh Circuit decision requires retroactive application of *Johnson* to Petitioner's Section 2255 motion and he cites no legal authority to support his contention that *Johnson's* date is the appropriate trigger for the federal limitation in determining

---

[4] Question 18 on the form on which Petitioner filed his Section 2255 motion to vacate instructs a petitioner: "If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion." (CV Dkt. 1, p. 14). In response to this question Petitioner asserts that "[t]his filing is timely because it is a change in the law . . . ." (CV Dkt. 1, p. 11). The Government makes no argument as to the timeliness of Petitioner's motion. However, because the court finds that the alternative ground of procedural default warrants dismissal of the motion (an argument the Government asserts in its response), the court need not direct the Government to file a supplemental response addressing the motion's timeliness.

[5] "[T]he principles developed in habeas cases also apply to Section 2255 motions." *Gay v. United States*, 816 F.2d 614, 616 n.1 (11th Cir. 1987).

the timeliness of this Section 2255 motion. Consequently, the timeliness of Petitioner's motion is calculated from February 27, 2009, the date that his conviction became final. As discussed above, the instant motion, filed on August 31, 2010, is untimely and federal review is precluded absent a demonstration of equitable tolling.

Equitable tolling requires both extraordinary circumstances and due diligence. *Diaz v. Sec'y, Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004). To establish eligibility for equitable tolling, a petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling "is an extraordinary remedy that must be applied sparingly." *Holland v. Florida*, 539 F.3d 1334, 1338 (11th Cir. 2008). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

A change in the law is not an extraordinary circumstance. *Gonzalez v. Crosby*, 545 U.S. 524 (2005); *Outler v. United States*, 485 F.3d 1273, 1281 (11th Cir. 2007). Consequently, Petitioner cannot avail himself of the benefit of equitable tolling because he fails to demonstrate an extraordinary circumstance that prevented him from timely filing his Section 2255 motion.

## II.   Actual innocence

Petitioner asserts that he is actually innocent of the armed career criminal enhancement. Generally, actual innocence may serve to overcome the procedural bar caused by the untimely filing of a Section 2255 motion. *United States v. Montano*, 398 F.3d 1276, 1280 (11th Cir. 2005). However, "actual innocence" does not apply to an armed career criminal designation because that

designation is not a separate substantive offense for which Petitioner stands convicted.[6] *See, e.g.,* *Gilbert v. United States,* 640 F.3d 1293, 1320 (11th Cir. 2011) ("A defendant who is convicted and then has the § 4B1.1 career offender enhancement . . . applied in the calculation of his sentence has not been convicted of being guilty of the enhancement.") ("*Gilbert II*"). Accordingly, Petitioner cannot satisfy the actual innocence exception to lift the procedural bar caused by his failure to timely file his motion to vacate.

### III.   Cognizability

Even assuming, *arguendo,* that Petitioner's Section 2255 motion is timely he is not entitled to relief. Collateral relief under Section 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *Richards v. United States,* 837 F.2d 965, 966 (11th Cir. 1988). Petitioner challenges the trial court's application of the armed career criminal enhancement under the Sentencing Guidelines, a non-constitutional issue that provides no basis for collateral relief. *Lynn v. United States,* 365 F.3d 1225, 1232 (11th Cir. 2004); *Burke v. United States,* 152 F.3d 1329, 1331-32 (11th Cir. 1998).

### IV.   Procedural default

Notwithstanding the time bar and assuming cognizability, Petitioner cannot obtain relief on his claim that his prior convictions are not "crimes of violence" in light of *Johnson, Begay,* and *Archer* because he failed to present such claim on direct appeal. This failure results in a procedural

---

[6] Actual innocence applies when a petitioner is factually innocent of the crime for which he is incarcerated. *See Bousley v. United States,* 523 U.S. 614, 623 (1998). Petitioner does not claim that he is innocent of the charge for which the jury convicted him in his underlying federal criminal case. He likewise does not argue that he is factually innocent of any of the predicate offenses that he challenges for application of the armed career criminal enhancement.

default. *United States v. Coley*, 336 Fed. Appx. 933 (11th Cir. 2009), *cert. denied*, 130 S.Ct. 2093

(2010), confirms a defendant's preclusion from reliance on *Begay* and *Archer* (and by logical

extension, *Johnson*) in a motion to vacate after procedural default:

> Coley has not argued that his sentence violates any constitutional right, but only that
> it violates the sentencing guidelines after *Begay* and *Archer*. *See Hunter* [*v. United
> States*], 559 F.3d [1188,] 1189 [11th Cir. 2009] (observing that because a prisoner
> erroneously sentenced as an armed career criminal had failed to show the denial of
> a constitutional right, he could not attack his sentence in a § 2255 proceeding).
> Accordingly, if Coley's claim "could . . . have been raised on direct appeal," then it
> is not cognizable under § 2255. *See Lynn* [*v. United States*], 365 F.3d [1225,] 1233
> [11th Cir. 2004]. . . .
>
> Coley did not raise this issue on direct appeal.  In fact, it appears that he filed no
> direct appeal at all.  Nor does Coley offer any reason why he could not have raised
> this issue on direct appeal.  Of course, *Begay* and *Archer* had not been decided when
> Coley was sentenced in 2003;[7] however, if he believed that his career offender status
> was improper under the guidelines that claim could have been made on direct
> appeal - just as Begay and Archer later did.  *Cf. Smith v. Murray*, 477 U.S. 527,
> 534-35, 106 S.Ct. 2661, 2666, 91 L.Ed.2d 434 (1986) (holding that perceived futility
> in raising an issue on direct appeal does not constitute cause for not doing so);
> *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828
> (1988) ("[Futility cannot constitute cause if it means simply that a claim was
> unacceptable to that particular court at that particular time.") (internal citation and
> quotation marks omitted); *Turner v. Crosby*, 339 F.3d 1247, 1281 (11th Cir. 2003)
> ("If a defendant perceives a constitutional claim and believes it may find favor in the
> federal courts, he may not bypass the state courts simply because he thinks they will
> be unsympathetic to the claim.").
>
> Because his status as a career offender is a non-constitutional issue that Coley could
> have raised on direct appeal, it is not cognizable on collateral review under § 2255.

*Coley's* reasoning is persuasive.[8]  Nothing precluded Petitioner from challenging on direct

appeal either the designation of his prior convictions for battery on a law enforcement officer,

---

[7] Petitioner's case differs slightly in that he filed a direct appeal and *Begay* and *Archer* were decided before his case became final on direct review but *Johnson* had not yet been issued.

[8] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

carrying a firearm, or burglary as violent felonies or his designation as an armed career criminal. Consequently, Petitioner's challenge to the characterization of his prior convictions under *Johnson*, *Begay*, and *Archer* is procedurally defaulted. *See United States v. Morton*, 2010 WL 1223893 at *4 (M.D. Fla., March 24, 2010).

When a petitioner fails to raise a claim that could and should have been raised at sentencing or on direct appeal, district court review of the claim is barred absent a showing of the procedural default requirements of cause and prejudice or actual innocence. *Bousley v. United States*, 523 U.S. 614 (1998); *United States v. Frady*, 456 U.S. 152 (1982). To show cause for not raising a claim on direct appeal, Petitioner must show that "some objective factor external to the defense impeded counsel's efforts" to raise the claim previously. *Lynn v. United States*, 365 F.3d at 1235, n. 20 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). To show prejudice, Petitioner must demonstrate that "errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." *Wright v. Hopper*, 169 F.3d 695, 706 (11th Cir. 1999) (internal citations omitted).

Petitioner fails to allege a valid cause to excuse his default because he points to no external impediment that prevented him from raising this issue on appeal.[9] *Lynn*, 365 F.3d at 1235, n. 20. Petitioner likewise fails to establish a denial of fundamental fairness. *Wright*, 169 F.3d at 706.

---

[9] In his reply to the Government's response arguing procedural default, Petitioner simply states that "[t]he *Johnson* case was published in 2010 . . . so there is no procedural default in this case." (CV Dkt. 7, pp. 1-2). To establish cause premised on a recent legal development. Petitioner must show that his claim "is so novel that its legal basis is not reasonably available to counsel." *Bousley v. United States*, 523 U.S. at 622. "[T]he question is not whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was 'available' at all." *Smith v. Murray*, 477 U.S. 527, 537 (1986). The fact that *Johnson* had not been decided when Petitioner appealed his conviction and sentence does not constitute cause to excuse his default because the legal basis for his claim - that a prior offense was not a "violent felony" for application of the ACCA enhancement - was reasonably available at the time. *See, e.g., Coley*, 336 Fed. Appx. at 933.

Furthermore, Petitioner presents no evidence demonstrating that he is actually innocent of the underlying federal crime for which he stands convicted. To establish actual innocence, Petitioner must demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. "'[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. at 623-24 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). *Schlup* observes "that a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence - - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *Schlup v. Delo*, 513 U.S. at 324. If a petitioner demonstrates "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence," then the petitioner has made a "gateway" claim of innocence allowing review of the merits of his otherwise barred constitutional claims. *Melson v. Allen*, 548 F.3d 993, 1002 (11th Cir. 2008).

Petitioner presents no new reliable evidence demonstrating his factual innocence of the federal offense for which he stands convicted. *Schlup v. Delo*, 513 U.S. at 324. Because Petitioner cannot establish an actual innocence claim, he cannot avail himself of this "gateway" to obtain federal review of his procedurally defaulted claim. *Schlup v. Delo*, 513 U.S. at 315.

### Evidentiary hearing

This case warrants no evidentiary hearing because "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2003).

9

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

Accordingly, it is **ORDERED AND ADJUDGED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is DENIED. The clerk is directed to enter judgment against Petitioner and to close this case.

**DONE AND ORDERED** in chambers this 7th day of September, 2011.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Petitioner, *pro se*
Counsel of record